Filed 10/7/13  P. v. McGuire CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C072984 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM036931, CM037352) |
| v. | |
| RONALD WAYNE McGUIRE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ronald Wayne McGuire has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

---

[1] Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In case No. CM036931, a complaint was filed on July 2, 2012, charging defendant with two counts of second degree commercial burglary (counts 1 & 3; Pen. Code, § 459),[2] second degree robbery (count 2; § 211), and misdemeanor resisting or delaying a peace officer (count 4; § 148, subd. (a)(1)).  It was also alleged as to counts 1, 2 and 3 that defendant had one prior strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

On August 1, 2012, defendant pleaded no contest to counts 1 and 3, in return for the dismissal of the remaining counts and allegation.

At a hearing on August 29, 2012, the trial court authorized defendant's transport from jail to a residential substance abuse treatment program and set a status review hearing for September 5, 2012.

In case No. CM037352, a complaint filed October 1, 2012, charged defendant with second degree robbery (count 1; § 211) and petty theft with three priors (count 2; §§ 484/666, subd. (a)).  It was also alleged that defendant was released on bail or his own recognizance when he committed the offenses (§ 12022.1) and that he had a prior strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

On October 17, 2012, in case No. CM037352, defendant pleaded no contest to a newly alleged count 3, grand theft from a person (§ 487, subd. (c)), in return for the dismissal of the remaining charges and "open case" (CM037290) and a stipulated state prison sentence of four years four months, which would include case No. CM036931, an outstanding misdemeanor case, and a probation violation.

---

[2]  Undesignated statutory references are to the Penal Code.

According to the probation report in case No. CM036931, to which the parties stipulated as the factual basis for the plea therein, on June 8 and July 21, 2012, defendant stole bottles of alcohol from a Raley's supermarket. In case No. CM037352, according to the prosecutor's undisputed recital, on September 28, 2012, defendant entered a Rite Aid, hid $70.96 worth of merchandise in his clothes, and walked out without paying; when confronted outside the store by a loss prevention officer, defendant resisted until the police arrived.

On November 7, 2012, the trial court imposed the stipulated sentence of four years four months, calculated as follows: the upper term of three years on count 1 in case No. CM036931 (the principal term), eight months consecutive on count 3 in case No. CM036931, and eight months consecutive on count 3 in case No. CM037352, with concurrent sentences imposed on the misdemeanor and probation violation cases. The court awarded 186 total days of presentence custody credit (105 total days, including 53 actual days and 52 conduct days, in case No. CM036931, and 81 total days, including 41 actual days and 40 conduct days, in case No. CM037352). The court imposed a $240 restitution fine (Pen. Code, § 1202.4, subd. (b)) and a $240 suspended parole revocation restitution fine (*id.,* § 1202.45) as to each case. In case No. CM036931, the court further imposed a $10 theft fine (*id.,* § 1202.5), a $2 court surcharge (*id.,* § 1465.7, subd. (a)), a $5 court facilities construction fund fee (Gov. Code, § 70372), a $10 state penalty assessment (Pen. Code, § 1464), a $7 county penalty assessment (Gov. Code, § 76000), a $1 DNA identification fund fee (Gov. Code, § 76104.6), and a $4 DNA identification fund fee (Gov. Code, § 76104.7), multiplied by two, for a total of $78. In case No. CM037352, the court imposed the same fines, fees, and assessments, for a total of $39. Finally, the court ordered victim restitution to Raley's and Rite Aid in amounts to be determined.

Defendant appeals.  We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.)  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                        BUTZ           , J.


We concur:


        ROBIE        , Acting P. J.


        HOCH        , J.